476 A.2d 470

**Maurice M. ROSEN, Appellant,**

v.

**Sandra Ebersole ROSEN.**

Superior Court of Pennsylvania.

Argued Feb. 15, 1983.

Filed June 1, 1984.

94

Jack A. Rounick, Norristown, for appellant.

Sandra Rosen, appellee, in propria persona.

Before CERCONE, President Judge, and JOHNSON and MONTEMURO, JJ.

PER CURIAM:

Appellant Maurice M. Rosen takes this appeal from the order entered by the Court of Common Pleas of Montgomery County on December 29, 1981 awarding his wife, appellee Sandra E. Rosen, interim counsel fees and costs in this divorce action commenced by appellant under the provisions of the Divorce Code of 1980.[1] Instantly, appellant contends

1. Act of April 2, 1980, P.L. 63, No. 26, 23 Pa.S.A. § 101 *et seq.*

that (1) the lower court erred in regarding the above order as interlocutory; (2) the lower court abused its discretion in ordering appellant to pay counsel fees and costs to appellee without first conducting an adequate hearing on the matter; (3) the lower court abused its discretion by ordering appellant to pay such counsel fees and costs directly to appellee's attorney instead of to appellee herself; and (4) the lower court erred in concluding that appellee was entitled counsel fees and costs arising from the support action.

On June 25, 1980, appellant filed a Complaint in Divorce pursuant to the Divorce Law of 1929[2] in the Court of Common Pleas of Montgomery County. On July 24, 1980, appellee filed a **"PETITION FOR LEAVE TO ASSERT CLAIMS UNDER THE DIVORCE CODE, ACT NO. 26 OF 1980."** On August 4, 1980, the trial court entered an order granting appellee leave "to file any available counterclaims and seek additional relief pursuant to the Divorce Code, Act No. 26 of 1980." Appellee, on October 31, 1980, filed a counterclaim in divorce in which she advanced, *inter alia,* a claim for counsel fees and costs. By order dated August 18, 1981, the lower court scheduled a hearing on the matter of counsel fees and costs. Three separate hearings were conducted by the court on November 13, 1981, December 16, 1981, and December 17, 1981.

On December 29, 1981, the lower court entered an order awarding appellee interim counsel fees of $7500 and costs of $1,654.80. Appellant filed a Notice of Appeal from such order on January 4, 1982 and filed a Statement of Matters Complained of On Appeal on January 18, 1982. The statement was subsequently amended by appellant on February 10, 1982.

■  Pursuant to Pa.R.A.P. 1925, the lower court filed an opinion on May 6, 1982 which concluded that the appeal

---

**2.** The Divorce Law, Act of May 2, 1929, P.L. 1237, as amended, 23 P.S. § 1 *et seq.* (repealed).

should be quashed insofar as it was taken from an order which, in light of the provisions of the new Divorce Code, must be regarded as interlocutory. The view adopted by the lower court in the instant case, that the equitable distribution provisions embodied in the new Divorce Code have effectively eradicated the finality which previously cloaked orders awarding interim fees and costs, is not entirely without logic. However, it is clear that the lower court did not enjoy the benefit of our recent *en banc* opinion in *Sutliff v. Sutliff*, 326 Pa. Superior Ct. 496, 474 A.2d 599 (1984). Speaking for a majority of the Court in *Sutliff*, Judge Cavanaugh reaffirmed the validity of the cases which held that the *grant* of expenses in a divorce action is an appealable order.

> "It is settled law that an order *granting* such interim relief is final and appealable, insofar as the money to be paid under the order is involved, since once paid the money is likely unrecoverable. *Rutherford v. Rutherford*, 152 Pa.Superior Ct. 517, 32 A.2d 921 (1943)" *Sutliff*, 326 Pa.Superior Ct. at p. 496, 474 A.2d at p. 599.

*See Lynn v. Lynn*, 68 Pa.Superior Ct. 324 (1917); *Paul v. Paul*, 281 Pa.Superior Ct. 202, 421 A.2d 1219 (1980).

Consequently, we agree with appellant that the instantly-challenged order awarding appellee interim counsel fees and costs in this divorce action instituted under the Divorce Code constitutes a final, appealable order and thus is properly subjected to our scrutiny on appeal.

■ However, we are precluded from reaching the merits of this appeal because appellant has failed to file exceptions to the order of the lower court, which fact renders his issues waived. *Sutliff v. Sutliff, supra; Carangelo v. Carangelo*, 321 Pa.Superior Ct. 219, 467 A.2d 1333 (1983); *Dewalt v. Dewalt*, 309 Pa.Superior Ct. 275, 455 A.2d 156 (1983).

Therefore, the order of the lower court is affirmed.