549 A.2d 561

**Maurice M. ROSEN, Appellant,**

v.

**Sandra Ebersole ROSEN, Appellee.**

Supreme Court of Pennsylvania.

Argued Jan. 20, 1988.

Decided Oct. 20, 1988.

Reargument Denied Nov. 21, 1988.

James D. Crawford, Philadelphia, for appellant.

Donald W. Hedges, Philadelphia, Marvin Mitchelson, Los Angeles, Cal., for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA and PAPADAKOS, JJ.

OPINION

NIX, Chief Justice.

The instant appeal raises interesting questions relating to subject matter jurisdiction and issue preclusion. The questions arise in the setting of a protracted divorce proceeding which has been before the courts for over seven years. The ruling of the Superior Court vacating the divorce decree entered by the trial court would have the effect of continuing this controversy in our courts and perpetuating the uncertainty of the status of the parties involved.[1] Because of the likelihood for the instant questions to recur and the desirability for a prompt resolution of these traumatic, bitterly disputed lawsuits, we granted review.

The specific question that we are called upon to review is the Superior Court's determination that the trial court was without subject matter jurisdiction to issue the decree of divorce because of an appeal that had been taken and was then pending in the Superior Court relating to the trial court's prior order concerning interim counsel fees and costs. For the reasons that follow, we conclude that the Superior Court erred in its judgment and that the trial court did in fact have the right to proceed in its disposition of the merits of the divorce action.

1. The trial court entered a final decree of divorce on February 16, 1983. This order also included a resolution of the child custody and support issues as well as distribution of the marital property. No challenge was made by either party as to the trial court's dissolution of the marriage until June 1, 1984. During that interim period appellant remarried and the validity of that relationship will be affected by our ruling today.

The parties to this matter under review were married on August 16, 1968 and are parents of three children. On June 25, 1980, appellant filed a complaint in divorce in the Court of Common Pleas, Montgomery County. His wife, Sandra, filed a counterclaim on October 31, 1980, in which she advanced, *inter alia,* a claim for interim counsel fees and costs. Her motion was granted, and on December 29, 1981, the trial court ordered appellant to remit $1,655 in costs and $7,500 in interim counsel fees. Mr. Rosen filed an appeal in the Superior Court challenging the propriety of the trial court's award. The Superior Court did not reach the merits in that appeal, finding that appellant's failure to file exceptions to the order constituted a waiver of the issues he sought to raise. *Rosen v. Rosen,* 328 Pa.Super. 93, 476 A.2d 470 (1984) (*"Rosen I"*). The decision in *Rosen I* was filed by the Superior Court on June 1, 1984.

During the pendency of that appeal, the trial court entered a decree nisi on the issues of child custody, equitable distribution, child support, alimony, divorce and legal fees. On February 16, 1983, a final order was issued. No direct appeal was taken by Mrs. Rosen. She instead, relying upon section 602 of the Divorce Code, 23 P.S. § 602, filed a motion to vacate the decree, asserting that the trial court lacked subject matter jurisdiction. This motion was filed on May 3, 1984, over a year after the entry of the final order.[2] In response to the motion to vacate, Mr. Rosen filed preliminary objections and in the alternative a motion to strike. The motion to vacate the decree was denied, and Mrs. Rosen followed with an appeal to the Superior Court. As previously stated, the Superior Court, in an opinion filed on April 28, 1986, held that the trial court was without jurisdiction to enter the decree in divorce because of the pending appeal from the award of counsel fees and costs. *Rosen v. Rosen,*

---

2. Section 602 of the Divorce Code, 23 P.S. § 602 (Purdons Supp.1987) provides in pertinent part:
   A motion to vacate a decree ... alleged to be void because of ..., lack of jurisdiction over the subject matter ..., must be made within five years after entry of the final decree.
   Since there has been no direct appeal, our inquiry is limited to the jurisdictional challenge.

353 Pa.Super. 421, 510 A.2d 732 (1986) ("*Rosen II*").[3] For the reasons that follow we conclude: (a) that the trial court properly ruled that under the Divorce Code of 1980, its jurisdiction was not divested as a result of the appeal of its interim order for counsel fees and costs; (b) that the Superior Court's reliance upon *Sutliff v. Sutliff,* 326 Pa.Super. 496, 474 A.2d 599 (1984) in *Rosen II* was misplaced; (c) that this Court's decision in *Fried v. Fried,* 509 Pa. 89, 501 A.2d 211 (1985), which expressly repudiated *Sutliff v. Sutliff, supra,* was controlling; and, (d) that appellant is not estopped from asserting the jurisdiction of the trial court to enter the final decree of divorce.

In its decision reversing the trial court, on the issue of jurisdiction, the Superior Court, although recognizing in a footnote our holding in *Fried* and Pennsylvania Rule of Appellate Procedure 1701(b)(6), concluded that it was "clear that, as the law stood at that time" (referring to the time of the entry of the final decree), "the taking of an appeal acted to divest the trial court of jurisdiction over the case." 353 Pa.Super. at 424, 510 A.2d at 733.

The suggestion that *Fried* represented a change in the law, and therefore justified the Superior Court in ignoring the mandate of *Fried* in reaching its decision in *Rosen II,* was erroneous. To the extent *Fried* ruled that under the Divorce Code of 1980 orders upon interim counsel fees and costs were to be considered interlocutory and not immediately reviewable, that aspect of the *Fried* holding could properly be characterized as a change in the law. If the issue in *Rosen II* had been whether or not the appeal from the orders was entitled to immediate appellate review, then

**3.** Because of Mrs. Rosen's disregard of the final order of divorce, the trial court held Mrs. Rosen in contempt for failing to adhere to the equitable distribution provisions of that decree. The Superior Court ruled that, since the decree in divorce was a nullity, the orders directing Mrs. Rosen to comply with that decree could have no legal efficacy and, therefore, dismissed the contempt finding. Under the terms of the equitable distribution award made by the trial court, Mrs. Rosen received approximately $500,000.

the question of the applicability of that portion of the *Fried* holding would have been legitimately before the court.[4]

Here the issue is whether the interim appeal divested the trial court of jurisdiction over the remaining matters during the pendency of the appeal. For this question, which is presently before us, the pertinent part of the *Fried* holding is the determination that rulings upon the granting of interim counsel fees and costs are ancillary to the basic cause of action. The recognition in *Fried* that these orders were ancillary to the basic cause of action was merely a reaffirmance of the existing law. In *Fried* we stated:

> [W]e agree with the majority in *Sutliff, supra,* that an order relating to alimony pendente lite, counsel fees and expenses is separable from and collateral to the main cause of the divorce action. *Id.,* 326 Pa.Superior Ct. at 500, 474 A.2d at 600, *citing In re Estate of Georgiana,* 312 Pa.Super. 339, 458 A.2d 989 (1983); *Malenfant v. Ruland,* 274 Pa.Super. 506, 418 A.2d 521 (1980).

509 Pa. at 94–95, 501 A.2d at 214.

It is therefore clear that the part of the *Fried* holding reaffirming the ancillary character of such orders should have been recognized by the Superior Court as controlling at the time of its decision in *Rosen II.* It is this pronouncement in *Fried* that goes to the heart of the issue raised here.

The jurisdictional question was raised because of the pendency of the appeal as to the collateral order. As a general proposition, a trial court is precluded from proceeding with a matter once an appeal to a higher court has been

---

4. Since *Fried* is a statement by this Court of our view of the intent of the General Assembly in drafting the Divorce Code of 1980 as to the finality of interim counsel fee orders, it should have been applied to all cases then pending on appeal. *McCloskey v. Workmen's Compensation Appeal Board,* 501 Pa. 93, 98 n. 3, 460 A.2d 237, 239 n. 3 (1983); *see Brubaker v. Reading Eagle Co.,* 422 Pa. 63, 221 A.2d 190 (1966). The Superior Court's expression to the contrary was in error. However, this was not the question presented in this appeal. The issue was not the propriety of that appeal, but rather its effect upon the continuing jurisdiction of the trial court to dispose of the remaining issues before that court.

taken. *Corace v. Balint*, 418 Pa. 262, 210 A.2d 882 (1965). This principle is reflected in Rule 1701(a) of our Rules of Appellate Procedure. Rule 1701(a) provides in pertinent part:

> Except as otherwise prescribed by these rules, after an appeal is taken ..., the trial court ... may no longer proceed further in the matter.

Pa.R.A.P. 1701(a).

Based upon that general prohibition the Superior Court concluded that the trial court in this case acted without jurisdiction. However, Rule 1701(a) is qualified by Rule 1701(c), which provides in pertinent part:

> Where only a particular item [or] claim ... adjudged in the matter is involved in an appeal, ... the appeal ... shall operate to prevent the trial court ... from proceeding further *with only such item [or] claim ...*, unless otherwise ordered by the trial court ... or by the appellate court or a judge thereof as necessary to preserve the rights of the appellant.

Pa.R.A.P. 1701(c).

It is nowhere contended that the trial court's resolution of the merits of the divorce action in any way impinged upon the merits of the claim then pending before the appellate court. Thus the bar imposed under Rule 1701(a) was not applicable, and there was no basis for the finding that the trial court's jurisdiction had been divested at the time that the decree in divorce was made final. In its decision the Superior Court virtually ignored Rule 1701(c). In a passing reference it appears to suggest that the only purpose of 1701(c) is to permit the appellate court to grant permission for the trial court upon petition to proceed during the pendency of an appeal. 353 Pa.Super. at 425, 510 A.2d at 734. Such a suggestion is a patent distortion of the clear language of that section. The purpose of Rule 1701(c) is to prevent appeals of collateral issues from delaying the resolution of the basic issues where the proceeding below can continue without prejudicing the rights of the party seeking the interim review. The party seeking review in *Rosen I*

was Mr. Rosen. He at no time objected to the trial court's proceeding to dispose of the merits of the case during the time that appeal was pending in the Superior Court. Moreover, the entire record that is now before us establishes that the claim raised in *Rosen I* was ancillary to the matters that remained in the trial court for resolution. We therefore hold that Rule 1701(c) was applicable and that the appeal in *Rosen I* did not result in a divestiture of the trial court's jurisdiction in disposing of the remaining matters before that court.

Having resolved that the trial court properly proceeded to a decree under subsection (c) of Rule 1701, we need not address the contention raised by appellant that because the interim counsel fee order was interlocutory and thus nonappealable it could not deprive the trial court of jurisdiction.[5] Nor must we respond to the counter-arguments made by Mrs. Rosen to the effect that the doctrine of law of the case[6] or principles of equitable estoppel[7] preclude the ap-

5. See Pa.R.A.P. 1701(b)(6), which in part reads as follows:

    (b) After an appeal is taken ..., the trial court ... may:

       *     *     *     *   ·  *     *

    (6) Proceed further in any matter in which a nonappealable interlocutory order has been entered, notwithstanding the filing of a notice of appeal....

This provision is only applicable where there is a determination that the order is a nonappealable interlocutory one. That issue is not involved in the consideration of 1701(c).

6. In *Rosen I,* the Superior Court concluded that it had jurisdiction over the appeal of the interim counsel fee award because the award was a final order. As a general rule, a court always has jurisdiction to decide its own jurisdiction. *See, e.g., Bartron v. Northhampton County,* 342 Pa. 163, 19 A.2d 263 (1941); *Commonwealth ex rel. Cook v. Cook,* 303 Pa.Super. 61, 449 A.2d 577 (1982). Mrs. Rosen contends that the unappealed decision in *Rosen I* is the law of the case which cannot now be relitigated regardless of our intervening decision in *Fried v. Fried.* This argument, because it relates only to appellant's contentions under Pa.R.A.P. 1701(b)(6), is irrelevant to our finding of jurisdiction under Rule 1701(c).

7. Mrs. Rosen took the position that because appellant's legal position in *Rosen I* was that an award of interim counsel fees was final, equity would preclude him from taking a diametrically opposed stand in this phase of the proceedings. She overlooks the fact that she too has changed her position and now seeks to have the interim fee order declared final.

pellant from contesting the finality determination made by the Superior Court in *Rosen I.*

In addition to vacating the final decree on the ground of lack of subject matter jurisdiction, the court in *Rosen II* also vacated the trial court's orders holding Mrs. Rosen in contempt for failing to comply with the decree. The Superior Court reasoned that because the final decree was invalid, refusal to comply with it would not constitute contempt. Since we are satisfied that the trial court did have jurisdiction to enter the final decree in divorce, we must also reject the Superior Court's rationale for invalidating the contempt orders.

In addition to the jurisdictional challenge, Mrs. Rosen challenged the orders of contempt in the Superior Court on several grounds, including lack of actual notice, improper procedures and imposition of excessive fines. The Superior Court, having vacated the order on jurisdictional grounds, did not consider the additional arguments. 353 Pa.Super. at 422–423 n. 1, 510 A.2d at 733 n. 1. Our reversal of the decision of the Superior Court in *Rosen II* therefore necessitates a remand of the case to that court, limited to a consideration of the arguments that were not reached as to the validity of the contempt orders only.

Accordingly, the order of the Superior Court vacating the final decree entered by the court of common pleas on February 16, 1983, as amended, March 16, 1983, is reversed; and the said decree is reinstated. The order of the Superior Court vacating the orders of contempt entered by the court of common pleas is reversed and the case is remanded to the Superior Court for consideration of the remaining issues.

Jurisdiction is relinquished.

ZAPPALA, J., files a concurring opinion in which LARSEN, J., joins.

ZAPPALA, Justice, concurring.

I agree that the trial court's jurisdiction to issue the divorce decree was not divested during the pendency of the

appeal from its earlier order relating to interim counsel fees and costs. I write separately to emphasize that the reasoning underlying the holding in the instant case demonstrates what I have always believed to be the instrinsic flaw in the majority's analysis in *Fried v. Fried,* 509 Pa. 89, 501 A.2d 211 (1985).

In *Fried,* the majority stated that, "Under the present procedure an appeal of an interim order stays the entire action and results in unnecessary delay in the dissolution of divorce actions." 509 Pa. at 97, 501 A.2d at 215. Joined by Justice Larsen, I dissented from the majority's opinion, stating:

> Nor is it true that an appeal from a trial court's order relating to economic claims must delay the resolution of the remaining claims. While an appeal ordinarily divests a trial court of authority to proceed further, Rule 1701(c) of the Rules of Appellate Procedure specifically provides that where only a particular claim is involved, an appeal shall prevent the trial court proceeding further with only such claim unless otherwise ordered. *Clearly, Rule 1701(c) would encompass an appeal from an order awarding alimony pendente lite or counsel fees and would prevent any unnecessary delay.*

509 Pa. at 100–101, 501 A.2d at 217.

In the majority opinion in *Fried,* no reference was made to Pa.R.A.P. 1701(c); nor was Rule 1701(c) analyzed by the majority in determining the effect of an appeal from an order relating to alimony pendente lite, counsel fees or expenses on the underlying divorce action. Yet the Court now chastises the Superior Court for "virtually ignoring" Rule 1701(c) in finding that the trial court had been divested of jurisdiction in the present case. I, for one, do not find fault with the Superior Court's analysis because it was predicated upon this Court's same failing in *Fried.*

LARSEN, J., joins in this concurring opinion.