618 A.2d 1248

**PITTSBURGH BASEBALL, INC., trading as Pittsburgh Associates and Pittsburgh Steelers Sports, Inc.**

v.

**STADIUM AUTHORITY OF the CITY of PITTSBURGH, a public body, and the City of Pittsburgh, a municipal corporation.**

**Appeal of PITTSBURGH BASEBALL, INC., trading as Pittsburgh Associates, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Oct. 20, 1992.

Decided Dec. 23, 1992.

---

**9.** For a discussion of when a modification might be sought, see *U.S. Steel*, 15 Pa.Commonwealth Ct. at 191–94, 325 A.2d at 328–30.

Robert L. Byer, for appellant.

J. Russell McGregor, Jr., Asst. City Sol., for appellee, City of Pittsburgh.

Ralph Lynch, Jr., for appellee, Stadium Authority of City of Pittsburgh.

Before DOYLE and PALLADINO, JJ., and SILVESTRI, Senior Judge.

PALLADINO, Judge.

Pittsburgh Baseball, Inc., trading as Pittsburgh Associates (Pittsburgh Associates), has filed a petition for review seeking an order in the nature of a writ of prohibition to prohibit the Court of Common Pleas of Allegheny County (trial court) from conducting a trial or other proceedings while an appeal is pending in this court. We grant the relief requested.[1]

In January 1992, Pittsburgh Associates commenced the underlying action in the trial court by filing a complaint in equity against the City of Pittsburgh (City) and the Stadium Authority of the City of Pittsburgh (Stadium Authority) (collectively, Defendants). Subsequently, Pittsburgh Associates filed an amended complaint and a second amended complaint. In general, the eight-count second amended complaint alleges Defendants breached various agreements relating to Pittsburgh Associates' purchase of the Pittsburgh Pirates (Pirates) and Defendants' operation of Three Rivers Stadium.

On September 1, 1992, the trial court entered an order sustaining Defendants' preliminary objections in the nature of a demurrer to three counts of the second amended complaint. The three dismissed counts (which alternatively allege breach of contract, promissory estoppel and quasi-contract) constitute a single cause of action and concern an alleged promise by the late Mayor Richard S. Caliguiri, on behalf of the City, to provide $4,200,000 to Pittsburgh Associates to enable the latter to purchase the Pirates. On September 4, 1992, Pittsburgh Associates filed a notice of appeal to this court from the trial court's order.

---

1. We have original jurisdiction in this case pursuant to Section 761(c) of the Judicial Code, 42 Pa.C.S. § 761(c), which states, in relevant part, "[t]he Commonwealth Court shall have original jurisdiction in cases of mandamus and prohibition to courts of inferior jurisdiction and other government units where such relief is ancillary to matters within its appellate jurisdiction...." We note that in the instant case an appeal is pending and the relief sought is ancillary to that appeal. *Municipal Publications, Inc. v. Court of Common Pleas of Philadelphia County,* 507 Pa. 194, 489 A.2d 1286 (1985).

In a letter to the trial court judge dated September 8, 1992, Pittsburgh Associates expressed the view that the appeal deprived the trial court of further jurisdiction pursuant to Pa.R.A.P. 1701(a), and requested the trial court judge not to conduct a trial or other proceedings until the appeal was decided. By letter dated that same day, the trial court judge informed Pittsburgh Associates that the trial court had jurisdiction pursuant to Pa.R.A.P. 1701(b), and the remaining counts would proceed to trial on November 5, 1992 as scheduled. On September 16, 1992, Pittsburgh Associates filed this petition for review.[2]

The issue presented is whether an appeal from an order sustaining preliminary objections to a single cause of action in a multi-count complaint divests the trial court of jurisdiction to proceed with the remaining counts under Pa.R.A.P. 1701.

Pa.R.A.P. 1701, states, in pertinent part:

**(a) General rule.** Except as otherwise prescribed by these rules, after an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may no longer proceed further in the matter.

**(b) Authority of a trial court or agency after appeal.** After an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may:

. . . .

(6) Proceed further in any matter in which a nonappealable interlocutory order has been entered, notwithstanding the filing of a notice of appeal or a petition for review of the order.

---

**2.** Since a discovery conference was scheduled by the trial court for the following day, Pittsburgh Associates also filed an application for summary or special relief pursuant to Pa.R.A.P. 1532. On September 16, 1992, this court, per curiam, entered an order denying summary relief; however, special relief was granted, staying all proceedings in the trial court pending disposition of this petition for review.

On September 22, 1992, the City filed an application to vacate the stay. By order of this court dated September 28, 1992, President Judge Craig denied the City's application.

**(c) Limited to matters in dispute.** Where only a particular item, claim or assessment adjudged in the matter is involved in an appeal, or in a petition for review proceeding relating to a quasijudicial order, the appeal or petition for review proceeding shall operate to prevent the trial court or other government unit from proceeding further with only such item, claim or assessment, unless otherwise ordered by the trial court or other government unit or by the appellate court or a judge thereof as necessary to preserve the rights of the appellant.

Pittsburgh Associates contends that the general rule of Pa.R.A.P. 1701(a) is solely applicable in this case, while the City asserts that the exceptions found in subsections (b)(6) and (c) are controlling.[3]

With respect to Pa.R.A.P. 1701(b)(6), the City asserts that the majority of the trial court's order remains interlocutory in nature since five of the eight counts were not dismissed; "it necessarily follows, pursuant to Pa.R.App.P. 1701(b)(6), that the Trial Court does in fact properly retain jurisdiction over those matters addressed in the nonappealable interlocutory portions of the Trial Court's Order." City's brief in opposition to petition for review at 18. The City cites no authority for this proposition.

At the outset, we note that the City "admits that the Trial Court dismissed on preliminary objections a complete cause of action in a multi-count complaint." City's reply to petition for review at 2. Moreover, the City admits that the dismissed cause of action is separate and distinct from the remaining causes of action. *Id.* at 10–11.

In *Black v. Board of Directors of the West Chester Area School District,* 98 Pa.Commonwealth Ct. 91, 510 A.2d 912 (1986), this court held that the dismissal of a separate and distinct cause of action constitutes an appealable final order. *See also* 1 G.R. Darlington, K. McKeon, D. Schuckers & K. Brown, *Pennsylvania Appellate Practice* § 341:7(1)(a) (1986 &

**3.** The Stadium Authority joins in the City's reply to petition for review, and the City's brief in opposition to petition for review.

Supp.1991) ("where a plaintiff combines ... separate causes of action in contract against a defendant in a single complaint, an order dismissing one of the causes of action, but leaving the other causes of action pending, would be final and appealable." (Footnote omitted.)). On the basis of the foregoing authority, we conclude that the order entered in the present case is an appealable final order. Because Pa.R.A.P. 1701(b)(6) is only applicable where there is a determination that the order is a nonappealable interlocutory one, *Rosen v. Rosen,* 520 Pa. 19, 549 A.2d 561 (1988), we hold that Pa.R.A.P. 1701(b)(6) is inapplicable in this case.

■ With respect to Pa.R.A.P. 1701(c), our supreme court has stated that "[t]he purpose of Rule 1701(c) is to prevent appeals of collateral issues from delaying the resolution of the basic issues where the proceeding below can continue without prejudicing the the rights of the party seeking the interim review." *Rosen,* 520 Pa. at 24, 549 A.2d at 564. Thus, the question arises whether the issue on appeal (the City's breach of an alleged agreement to provide $4,200,000 to Pittsburgh Associates) is collateral to the remaining counts. Specifically, the remaining counts allege Defendants breached various agreements relating to: 1) the operation of Three Rivers Stadium as a first-class facility; 2) the creation of a stadium maintenance fund; 3) the grant of "most favored nation" status as to stadium use; and 4) the revision of contract terms as to stadium use.

The City asserts that the issue on appeal is collateral to these remaining counts; for instance, the City argues that Mayor Caliguiri's alleged promise to provide $4,200,000 to Pittsburgh Associates in 1986 has nothing to do with the City's alleged failure to remove graffiti and take out the garbage at Three Rivers Stadium pursuant to written agreements dated twenty-five years previously. City's reply to petition for review at 10–11. While this argument is facilely persuasive, a thorough reading of the second amended complaint demands a different conclusion. When Pittsburgh Associates purchased the Pirates' franchise in 1986, allegedly in reliance on the Mayor's promise, they also became a party to several existing

agreements concerning the operation of Three Rivers Stadium. In essence, the purchase of the Pirates was an interrelated "packaged deal"; as such, we cannot conclude that the issue on appeal is collateral to the remaining counts. Accordingly, we hold that Pa.R.A.P. 1701(c) is inapplicable on these facts.

Since both exceptions are inapplicable, we grant the relief requested pursuant to Pa.R.A.P. 1701(a), and stay further proceedings in the trial court pending resolution of the appeal.

## ORDER

AND NOW, December 23, 1992, we stay further proceedings in the trial court pending disposition of the appeal.

PELLEGRINI and McGINLEY, JJ., did not participate in the decision in this case.