J-A06027-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN RE: DILLE FAMILY TRUST | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: LORRAINE DILLE | : | |
| WILLIAMS AND ROBERT NICHOLS | : | |
| FLINT DILLE | : | |
| | : | |
| | : | |
| | : | No. 26 WDA 2023 |

Appeal from the Order Entered December 6, 2022
In the Court of Common Pleas of Lawrence County
Orphans' Court at No(s): 43 of 2019

BEFORE: LAZARUS, P.J., PANELLA, P.J.E., and BECK, J.

MEMORANDUM BY PANELLA, P.J.E.: **FILED: May 16, 2024**

Lorraine Dille Williams and Robert Nichols Flint Dille (collectively "Appellants" or "Beneficiaries") appeal from the order entered December 6, 2022, finding that the situs of the Dille Family Trust ("DFT") has been and remains in Lawrence County, Pennsylvania since June 6, 2011.

This matter is but one in a lengthy dispute over the rights to the fictional world of Buck Rogers. It started with a feud between the Dille and Nowlan families around the time of the creation of the character Buck Rogers in the late 1920's. This appeal began with a disagreement over the situs of the DFT.

The DFT was created on August 16, 1979, in the state of California, by Robert C. Dille ("Mr. Dille") and Virginia N. Dille ("Mrs. Dille") (collectively "Settlors"). They amended the trust on January 5, 1982. Settlors were the original trustees of the DFT. Their children, Appellants, are the DFT's sole

beneficiaries. When Mr. Dille died in 1983, Arthur Martin became co-trustee with Mrs. Dille. On February 1, 1989, the co-trustees and Appellants executed a document transferring the situs of the DFT to Illinois. When Mrs. Dille died in 2009, Mr. Martin became sole trustee. He resigned from that position on March 8, 2011. The DFT named Dennis Fox as successor trustee, however, he never acted as trustee and resigned on May 4, 2011. The last-named successor trustee in the DFT was American Guarantee and Trust Company but they too declined to accept the position.

As the DFT did not have a trustee, Appellants asked Attorney Louise A. Geer to become trustee. She accepted on June 6, 2011. She began administering the DFT from her office in Lawrence County, Pennsylvania. On August 26, 2018, Appellants notified Attorney Geer that she was no longer the trustee of the DFT. Appellants did not seek a court order to remove Attorney Geer as trustee of the DFT.[1]

On February 20, 2019, Appellants signed an "Instrument Transferring Situs of Trust" which indicated that they intended to transfer the situs of the DFT to California. That same date, Appellants signed an "Instrument Confirming Request for Mandatory Distribution and Removal of Entirety of

_____

[1] Appellants, in a separate appeal, challenged the orphans' court's ruling that Attorney Geer was lawfully appointed trustee in 2011 and the attempted removal of Attorney Geer was invalid in 2018. We affirmed the orphans' court's rulings in a memorandum opinion on September 19, 2023. *See In re Dille Family Trust*, 2023 WL 6121850, unpublished memorandum, at *17 (Pa. Super. filed September 19, 2023).

- 2 -

Shares of Principal in Trust Estate of the Dille Family Trust" which they claim removed all assets from the DFT, effectively terminating the trust. On April 5, 2019, Appellants filed a petition in the Superior Court of Los Angeles County, California, attaching both February 20, 2019 documents signed by Appellants. That petition requested the trial court in Los Angeles County, California, to order that Attorney Geer was not trustee of the DFT, that all assets of the DFT were removed on February 20, 2019, to appoint Appellants as co-trustees of the DFT, and to order Attorney Geer to turn over all DFT property to Appellants. This petition was dismissed on July 11, 2019, for lack of jurisdiction and improper venue, finding that the principal place of the DFT's administration was Pennsylvania.

On February 28, 2019, Attorney Geer, as trustee of the DFT, executed a purchase agreement with the Buck Rogers Company and Nowlan Family Trust selling any and all assets the DFT owned of the trademark and intellectual property rights to Buck Rogers for $300,000.00.

On April 17, 2019, Attorney Geer instituted this action by filing a petition for a citation to show cause why she is not the trustee of the DFT, why Pennsylvania is not the situs of the DFT, and why the proceeds from the purchase agreement should not be distributed to the DFT.

On September 3, 2020, Appellants again signed an "Instrument Transferring Situs of Trust: Dille Family Trust" purporting to transfer the situs of the DFT to California. This "Instrument" was filed with the Superior Court

of Los Angeles County, California on September 18, 2020. This filing did not request a court order to change the situs to California. Nor did Appellants seek a court order from Pennsylvania to change the situs to California.

On September 23, 2020, Dennis Fox, the named successor trustee who resigned and never acted as trustee for the DFT, filed, through his attorney, Jennifer Mihok, a Praecipe to Discontinue Attorney Geer's action with the orphans' court, purporting to be the trustee of the DFT. The orphans' court ordered the prothonotary, on September 24, 2020, not to take action on the praecipe.

On September 28, 2020, Appellants filed with the orphans' court a "Notice of No Subject Matter Jurisdiction" and attached their September 18, 2020, filing with the Superior Court of Los Angeles County, California. The orphans' court entered an order on October 8, 2020, declaring Appellants' notice a nullity.

On October 21, 2020, Attorney Geer filed a motion requesting the court strike or nullify Appellants' situs filing in California and enjoin Mr. Fox from holding himself out as trustee of the DFT. The court deferred its ruling on this motion until its final decision on whether Attorney Geer was lawfully appointed trustee and remained trustee after the August 26, 2018, notification from Appellants that they removed Attorney Geer as trustee.

On October 29, 2020, Mr. Fox, still purporting to be trustee of the DFT, along with Appellants, filed a petition in the Superior Court of San Mateo

County, California, asking the court to approve a retroactive distribution of all DFT assets and terminate the DFT. This was filed without any notice to Attorney Geer, the Nowlan Family Trust (which had been permitted to intervene below), and the orphans' court in Lawrence County, Pennsylvania. Appellants and Mr. Fox did not inform the San Mateo County court of the Los Angeles County July 11, 2019, order that found California did not have jurisdiction of the DFT and all recent administration of the DFT was conducted in Pennsylvania. Although the San Mateo County court initially granted the petition, the court subsequently withdrew the order and dismissed the petition with prejudice when it learned of the Los Angeles County order and pending Lawrence County case.

On January 10, 2022, the orphans' court issued its final findings of fact and conclusions of law regarding that portion of Attorney Geer's April 17, 2019, petition that sought confirmation of her status as trustee of the DFT. The orphans' court found Attorney Geer was lawfully appointed trustee and the attempt to remove her on August 26, 2018, was ineffective under Pennsylvania law. This Court, in a memorandum decision on September 19, 2023, affirmed the orphans' court's decision. **See In re Dille Family Trust**, 2023 WL 6121850, unpublished memorandum (Pa. Super. filed September 19, 2023).

Meanwhile, on March 9, 2022, the orphans' court scheduled a hearing on Attorney Geer's October 21, 2020, motion requesting the court to strike or

nullify Appellants' situs filing. After the parties filed stipulations of fact, the court cancelled the hearing, and decided the motion on the stipulations of fact and the parties' briefs. On December 6, 2022, the orphans' court ordered that, from June 6, 2011, until the date of the order, the situs of the DFT was and remained in Lawrence County, Pennsylvania. **See** Order, 12/6/22. Appellants timely appealed and complied with the orphans' court's order to file a Rule 1925(b) statement. **See** Pa.R.A.P. 1925(b).

Now that we have reviewed the sometimes exhausting procedural history of this case, we must turn our attention first to determine if this appeal is properly before us. On March 28, 2023, we issued a rule directing Appellants to show cause why the December 6, 2022, order is appealable. Appellants filed a timely response indicating their belief that the order is appealable under Rule 342(a)(4) and (5). **See** Pa.R.A.P. 342. We discharged the rule to show cause and allowed the appeal to proceed on May 5, 2023. **See** *Per Curiam* Order, 5/5/23. However, we notified the parties that the ruling was not binding on this Court as a final determination of the propriety of the appeal and that it may be revisited by the merits panel. **See id.** Appellants do not address the propriety of the appeal in their brief, but Appellees, the Nowlan Family Trust and Buck Rogers Company, argue that the appeal should be quashed. **See** Appellee's ("Intervenors") Brief, at 3-5.

"It is well-settled that an appeal may be taken from: (1) a final order or an order certified as a final order; (2) an interlocutory order as of right; (3)

an interlocutory order by permission; or (4) a collateral order." *In re Trust of John S. Middleton*, --- A.3d ---, 2024 WL 1249659, at *2 (Pa. Super. filed March 25, 2024) (quotation marks, brackets, and citation omitted). Appellants assert that the appeal is from an interlocutory order as of right under Rule 342(a)(4) and (5). *See* Response to Rule to Show Cause, 4/7/23, at 4. Rule 342 provides, in relevant part:

> (a) General rule. An appeal may be taken as of right from the following orders of the Orphans' Court Division:
>
> …
>
>> (4) An order interpreting, modifying, reforming or terminating a trust;
>>
>> (5) An order determining the status of fiduciaries, beneficiaries, or creditors in an estate, trust, or guardianship[.]

Pa.R.A.P. 342(a)(4), (5). The December 6, 2022, order Appellants appeal from states, in relevant part:

> AND NOW, this 6th day of DECEMBER, 2022, following a hearing on Louise Geer's Motion to Strike or Nullify the September 18, 2020 Change of Situs Filing by the Beneficiaries, this Court issues the following ORDER:
>
> 1. This Court has exclusive jurisdiction over the Trustee of the Dille Family Trust (Louise Geer) and the administration of the Dille Family Trust and personal jurisdiction over Robert Nichols Flint Dille and Lorraine Dille Williams with regard to all matters concerning the Dille Family Trust
>
> 2. For the reasons stated in this Court's Opinion of this same date, this Court finds that since June [6], 2011, the situs of the Dille Family Trust has been in Lawrence County, Pennsylvania and remains in Lawrence County, Pennsylvania as of the date of this Order.

Orphans' Court Order, 12/6/22. The court's opinion of December 6, 2022, states the issue as "whether or not [the Beneficiaries] can change the situs of the Trust without the agreement of the Trustee and without permission of the Court." Orphans' Court Opinion, 12/6/22, at 5. The court goes on to quote the DFT:

> Paragraph 2.F of the Amended Trust reads as follows:
>
> > 2.F <u>Trust Situs</u>. This Trust Agreement is a California contract and creates a California Trust, and all of the terms and provisions hereof shall be interpreted according to the laws of the State of California, except that a majority of the Beneficiaries may transfer the Trust situs to a more convenient jurisdiction.

*Id.* (emphasis removed). The orphans' court was, in part, interpreting the trust. Therefore, we find that Appellants have established that this is an interlocutory appeal as of right under Rule 342(a)(4).

Turning to the merits, Appellants raise the following three claims:

> 1. Whether the [t]rial [c]ourt erred in its refusal to consider as evidence a document dated February 20, 2019, in which the Beneficiaries exercised their right to transfer the situs of the DFT to California prior to Geer's filing of the Petition for Citation, where all parties had "consented and agreed" the document should be included within the "evidence entered into the record in the case[]"[?]
>
> 2. Whether the [t]rial [c]ourt erred by creating a new exception to the General Assembly's directive that, with respect to situs, "the provisions of a trust instrument prevail over any contrary provisions of the Uniform Trust Act," which exception would permit a court to ignore the terms of the trust if the court determines that "the exercise of the specific provision will defeat the purposes of the Pennsylvania Uniform Trust Act … and make court supervision impossible[]"[?]

3.  Whether the Beneficiaries' appeal of a January 11, 2022, [o]rder concluding that the situs of the Trust was changed from Illinois to Pennsylvania as of June 6, 2011, divested the [t]rial [c]ourt of jurisdiction to proceed further with respect to any claims regarding the appropriate situs of the DFT[?]

Appellants' Brief, at 5-6 (brackets and footnote omitted).

Regarding our standard and scope of review of an appeal from an Orphans' Court decision:

[w]e must determine whether the record is free from legal error and the court's factual findings are supported by the evidence. Because the Orphans' Court sits as the fact-finder, it determines the credibility of the witnesses and, on review, we will not reverse its credibility determinations absent an abuse of that discretion. However, we are not constrained to give the same deference to any resulting legal conclusions. Where the rules of law on which the court relied are palpably wrong or clearly inapplicable, we will reverse the court's decree.

*In re Vincent J. Fumo Irrevocable Children's Trust ex rel. Fumo*, 104 A.3d 535, 539 (Pa. Super. 2014) (citation and brackets omitted). Furthermore, "the interpretation of a trust [] presents a question of law. As such, our standard of review is *de novo*, and our scope of review is plenary." *In re Estate of McFadden*, 100 A.3d 645, 650 (Pa. Super. 2014) (*en banc*) (citations omitted).

We address Appellants' second claim first, as it implicates their first claim of error. In Appellants' second claim, they argue that the orphans' court created a new exception to the Pennsylvania Uniform Trust Act's general policy that the trust instrument prevails when the orphans' court did not follow section 2.F of the DFT which provides, in part: "a majority of the Beneficiaries

- 9 -

may transfer the Trust situs to a more convenient jurisdiction." Appellants' Brief, at 34, 36.

The Pennsylvania Uniform Trust Act, 20 Pa.C.S. §§ 7701-7799.3, provides that "the provisions of a trust instrument prevail over any contrary provisions of this chapter." 20 Pa.C.S. § 7705(a). There are a number of mandatory rules, however, that the trust instrument must bend to, including "[t]he power of the court to take action and exercise jurisdiction as may be necessary in the interests of justice." 20 Pa.C.S. §7705(b)(13). The orphans' court found that subsection 7705(a) and the provision in the DFT at 2.F, must bend to the "purposes of the Pennsylvania Uniform Trust Act" because if it did not, it would "make . . . court supervision impossible." Orphans' Court Opinion, 12/6/22, at 5.

In reaching its decision, the orphans' court relied on the decision from the court in Los Angeles County, California. Notably, the February 20, 2019, document purporting to transfer the situs to California was attached to the April 5, 2019, petition filed in Los Angeles County, California. The petition requested the California court to order that Attorney Geer was not the trustee of the DFT, that all assets of the DFT were removed on February 20, 2019, to appoint Appellants as co-trustees of the DFT, and to order Attorney Geer to turn over all DFT property to Appellants. That petition was dismissed by the California court because it did not have jurisdiction over Attorney Geer or the

DFT. *See* Superior Court of California, County of Los Angeles, Order, 7/11/19, at 2. The California court held, in part:

> Here, [] the principal place of administration of the trust has not been in California since long before Geer accepted the trusteeship. Probate Code section 17002 states the principal place of administration is the "usual place where the day-to-day activity of the trust is carried on by the trustee…." The evidence demonstrated all these activities took place in Pennsylvania. … The Probate Code provides no basis for an exercise of jurisdiction.
>
> … Not all agreements which apply California law are subject to the jurisdiction of the courts of this state. Here, where the trust has no substantive connection with this state, there is no jurisdiction, even if it applies California law. Similarly, section 17200 specifies that the Court may have subject matter jurisdiction over the internal affairs of a trust, as well as over the trust's actions as they affect the wider world. This is only true, however, [where] the Court has jurisdiction over the trust in the first place. Here, it does not.

*Id.*

As the California court already held that it did not have jurisdiction over either the DFT or Attorney Geer as trustee, changing the situs to California would leave the DFT without any court supervision. Allowing the change in situs, as was attempted prior to the above-quoted Los Angeles County order, still would not give the California courts jurisdiction over Attorney Geer.

The orphans' court considered the 2019 order from the court in Los Angeles County, California in its decision. *See* Orphans' Court Opinion, 12/6/22, at 8-9. The orphans' court correctly observed that it is vitally important for there to be court supervision over a trust and that if it permitted this transfer of situs, no court would have jurisdiction over the DFT and the

- 11 -

transfer would "make[] court supervision impossible." Orphans' Court Opinion, 12/6/22, at 5, 8. While it is true, as Appellants allege, that "the provisions of a trust instrument prevail over any contrary provisions of [the Pennsylvania Uniform Trust Act,]" those provisions must bend to the court "as may be necessary in the interests of justice." 20 Pa.C.S. § 7705(a), (b)(13). As the orphans' court explained:

> [T]he clear and explicit language of paragraph 2.F with regard to situs must be followed, except where the exercise of the specific provision will defeat the purposes of the Pennsylvania Uniform Trust Act and makes court supervision impossible.
>
> *   *   *
>
> If the situs was transferred to California, without a Pennsylvania Court's approval and without the consent of the Trustee, California would have no personal jurisdiction over the Trustee located in Pennsylvania and therefore would not have the ability to supervise the administration of the Trust as contemplated by the Uniform Trust Act, which is primarily mirrored in Pennsylvania's Uniform Trust Act.
>
> *   *   *
>
> While the Beneficiaries have a right given to them by the Amended Trust document to transfer the situs to, "a more convenient jurisdiction," that right must be exercised only in conjunction with either the current Trustee submitting to the jurisdiction of California or pursuant to an Order of Court from the Court of Common Pleas of Lawrence County authorizing a change of situs[.] … If the current Trustee is removed, the provision in the Amended Trust that allows the Beneficiaries to change [the] situs for their convenience will be given deference and they will not be required to show cause to justify a change in situs.

Orphans' Court Opinion, 12/6/22, at 5, 8, 9. The orphans' court was justifiably concerned that allowing the change of situs pursuant to the DFT's provision at

2.F would leave the DFT, and, in turn, Appellants, to do as they please and without court supervision. The orphans' court's decision, therefore, was valid as it was in the interests of justice, not, as Appellants allege, pursuant to a new exception to the Pennsylvania Uniform Trust Act. *See* 20 Pa.C.S. § 7705(b)(13) (allowing a court to disregard a specific provision in a trust pursuant to "[t]he power of the court to take action and exercise jurisdiction as may be necessary in the interests of justice."). Appellants' issue lacks merit.

Furthermore, as Appellees, the Nowlan Family Trust and Buck Rogers Company note, the orphans' court is a court of equity and "may decline to enforce express provisions of a trust when the party seeking enforcement has unclean hands." *In re Vincent J. Fumo*, 104 A.3d at 546; Appellee's ("Intervenors") Brief, at 15-19. Our Court explained:

> The unclean hands doctrine derives from the unwillingness of a court to give relief to a suitor who has so conducted himself as to shock the moral sensibilities of the judge, and it has nothing to do with the rights or liabilities of the parties. This doctrine applies where the wrongdoing directly affects the relationship subsisting between the parties and is directly connected with the matter in controversy.

*Id.* at 546-47 (internal quotation marks and citations omitted).

The doctrine of unclean hands also provides a basis for the orphans' court here to decline to enforce the provision of 2.F. Appellants have thrice attempted to thwart the power of the orphans' court below. *See* Orphans' Court Opinion, 2/21/23, at 4. First, Appellants signed and filed, in Los Angeles

County, California, an instrument purporting to transfer situs of the DFT to California, after both the Los Angeles County court and the court below held that Lawrence County was the proper jurisdiction and venue of the DFT matters. **See** Change of Situs Filing on Behalf of Dille Family Trust, 9/18/20, at 1-2 (pagination added). Appellants then filed a notice of no subject matter jurisdiction below attaching the Los Angeles County filing. **See** Beneficiaries' Notice of No Subject Matter Jurisdiction, 9/28/20, at 3. Next, Appellants held out Dennis Fox as trustee after admitting to the orphans' court that Mr. Fox had never accepted the position as trustee. **See** Notice of Lack of Subject Matter Jurisdiction, 9/28/20, at 1. While holding out Mr. Fox as trustee, he filed a Praecipe to Discontinue the action below, asserting he was trustee of the DFT. **See** Praecipe to Discontinue, 9/23/20.

Finally, Appellants filed a petition in San Mateo County, California, without notice to Attorney Geer, the Nowlan Family Trust, and the orphans' court. **See** Ex Parte Petition for Order Approving Termination of Trust, 10/29/20, at 4-5 (listing identities of "known Beneficiaries and interested persons"). In that petition, Appellants did not tell the San Mateo County court about the pending matter in orphans' court and the order previously entered in Los Angeles County. **Id.** After discovering those facts, the court in San Mateo County noted that "[t]he beneficiaries [] perpetrated a fraud upon this court … ." **See** N.T. Hearing in San Mateo County, California, 3/30/21, at 17.

The San Mateo County court then dismissed Appellants' petition with prejudice.

This last attempt was met with sanctions in Pennsylvania. The orphans' court had entered an order, requested by Appellants, enjoining any distribution of DFT assets prior to the filing in San Mateo County, California. After the filing in San Mateo County, California, Appellants were sanctioned. We affirmed the orphans' court's decision on September 11, 2023. *See In re Dille Family Trust*, 2023 WL 5843798, unpublished memorandum, at *14, *17 (Pa. Super. filed September 11, 2023). As Appellants have unclean hands, the orphans' court had the authority to decline to enforce section 2.F of the DFT, in addition to enforcing the interests of justice exception of the Pennsylvania Uniform Trust Act. Therefore, for this reason, as well as the interests of justice exception, this issue has no merit.

Appellants contend that the orphans' court erred by not considering the February 20, 2019, "Instrument Transferring Situs of Trust." Appellants' Brief, at 24, 30. That document purported to transfer the situs of the DFT from Illinois to California. The orphans' court noted in its Rule 1925(a) opinion that:

> The Motion to Nullify the Situs transfer purportedly signed on September 3, 2020 and filed at the dismissed case in the County of Los Angeles on September 30, 2020 was the issue before the [c]ourt. All parties agreed that the Beneficiaries did in fact sign the situs transfer document on September 3, 2020 and the question before the [c]ourt was whether or not the Beneficiaries['] signing of that document effectuated a transfer of the situs to the state of California. This [c]ourt made its finding that the Beneficiaries' signing of the document was ineffective and that the situs was not transferred to the state of California.

> Whether the Beneficiaries signed another document on a prior date, but still long after Louise Geer became the Trustee of the Dille Family Trust, is irrelevant.

Orphans' Court Opinion, 2/21/23, at 8.

The orphans' court's decision responded to Attorney Geer's motion requesting the court strike or nullify Appellants' September 18, 2020, situs filing in California. **See** Opinion with regard to the Situs of the Dille Family Trust following the Beneficiaries September 18, 2020, filing of a "Change of Situs" to California, 12/6/22. The question, therefore, that the orphans' court was considering at the time it issued its December 6, 2022, opinion, was whether the September 2020 situs filing had effectuated a transfer of the DFT's situs to California. Based upon this question, the February 20, 2019, document was irrelevant. **See** Pa.R.E. 401 ("Evidence is relevant if … it has any tendency to make a fact more or less probable than it would be without the evidence; and [] the fact is of consequence in determining the action."). In other words, whether or not Appellants tried to change the situs on February 20, 2019, would not be of consequence to whether or not Appellants' September 18, 2020, situs filing changed the situs to California.

Moreover, even if the orphans' court failed to consider, as Appellants' claim, the February 20, 2019, change of situs instrument, it was harmless because the orphans' court considered the Los Angeles County, California order of July 11, 2019, and the September 3, 2020, change of situs instrument which was filed with the Los Angeles County, California court on September

- 16 -

18, 2020. The September 3, 2020, change of situs instrument has substantially the same language as the February 20, 2019, change of situs instrument. ***Compare*** Instrument Transferring Situs of Trust, 2/20/19, ***with*** Instrument Transferring Situs of Trust: Dille Family Trust, 9/3/20. As the orphans' court considered both the September 3, 2020, change of situs instrument and the order from the Los Angeles County, California court which had the February 20, 2019, change of situs instrument attached to its filing, considering the February 20, 2019, instrument would not have made a difference in its decision. ***See*** Orphans' Court Opinion, 2/21/23, at 8; Orphans' Court Opinion, 12/6/22, at 9 (holding the "same analysis applies to [the September 3, 2020] attempt to transfer the situs to California."). As such, the orphans' court did not err by not expressly considering the February 20, 2019, change of situs instrument, as alleged by Appellants.

Turning to Appellants' final claim, they allege the orphans' court was divested of jurisdiction because Appellants had filed an appeal of the orphans' court's decision that Attorney Geer was trustee. Appellants' Brief, at 44. Appellants allege Rule 1701(a) is controlling here: "Except as otherwise prescribed by these rules, after an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may no longer proceed further in the matter." Pa.R.A.P. 1701(a).

> However, Rule 1701(a) is qualified by Rule 1701(c), which provides in pertinent part: Where only a particular item or claim adjudged in the matter is involved in an appeal, the appeal shall operate to prevent the trial court from proceeding further with

- 17 -

only such item or claim, unless otherwise ordered by the trial court or by the appellate court or a judge thereof as necessary to preserve the rights of the appellant.

**Rosen v. Rosen**, 549 A.2d 561, 564 (Pa. 1988) (internal citation, brackets and ellipses omitted). "The purpose of Rule 1701(c) is to prevent appeals of collateral issues from delaying the resolution of the basic issues where the proceeding below can continue without prejudicing the rights of the party seeking the interim review." **Id.**

In this protracted case, Appellants appealed from a January 11, 2022, order which held that Attorney Louise Geer was lawfully appointed Trustee of the DFT on June 6, 2011, and that their attempted removal of her as Trustee on August 26, 2018, was ineffective. That appeal was filed on January 21, 2022. It is undisputed that this was not an appeal from a final order. The January 11, 2022, order did not address Appellants' September 3, 2020, instrument purporting to change the situs to California nor did it address the September 18, 2020, filing in California. **See** Orphans' Court Order, 1/11/22. Neither did Appellants' brief to this Court address the September 2020 documents in that appeal. It is obvious from the record that the January 11, 2022, order did not address the September 3, 2020, instrument nor the September 18, 2020, filing of that instrument in California. The prior appeal addressed a particular claim, whether Attorney Geer was trustee. **See Rosen**, 549 A.2d at 564; **In re Dille Family Trust**, 2023 WL 6121850, unpublished memorandum (Pa. Super. filed September 19, 2023). The orphans' court

- 18 -

correctly held that it could continue to address this matter, along with other issues, that were not being raised on appeal with this Court at that time. The proceeding could, and did, continue without any prejudice to Appellants' rights. **See Rosen**, 549 A.2d at 564. As such, we find that this issue does not merit relief.

We commend the Lawrence County Orphans' Court for its careful and conscientious consideration of the issues herein, despite the protracted and somewhat convoluted procedural history. The Order dated December 6, 2022, finding that the situs of the Dille Family Trust has been and remains in Lawrence County, Pennsylvania, is affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

5/16/2024