J-S37033-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| P.J.A. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| H.C.N. | : | |
| | : | |
| | : | No. 482 EDA 2018 |

Appeal from the Order Entered January 5, 2018
in the Court of Common Pleas of Lehigh County Civil Division at No(s):
No. 2007-FC-0427

BEFORE:   OLSON, J., McLAUGHLIN, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:          **FILED SEPTEMBER 05, 2018**

Appellant, P.J.A. ("Father"), files this appeal from the order dated January 3, 2018, and entered January 5, 2018,[1] in the Lehigh County Court of Common Pleas denying and dismissing his Notice of Proposed Relocation

---

* Former Justice specially assigned to the Superior Court.

[1] The subject order was dated January 3, 2018.  However, the clerk did not provide notice pursuant to Pa.R.C.P. 236(b) until January 4, 2018, and did not docket such order and notice until January 5, 2018.  Our appellate rules designate the date of entry of an order as "the day on which the clerk makes the notation in the docket that notice of entry of the order has been given as required by Pa.R.C.P. 236(b)."  Pa.R.A.P. 108(b).  Further, our Supreme Court has held that "an order is not appealable until it is entered on the docket with the required notation that appropriate notice has been given." ***Frazier v. City of Philadelphia***, 557 Pa. 618, 621, 735 A.2d 113, 115 (1999).

filed on August 17, 2017, with prejudice.[2]   After review, we affirm the trial

court's order.

The trial court summarized the relevant procedural and factual history,

in part, as follows:

Factual and Procedural History

Succinctly stated, the parties are engaged in a longstanding, highly contentious custody battle concerning their son, P.C.A. [Father] currently has another appeal outstanding from the [c]ourt's Order entered on December 5, 2017[3] granting him primary physical custody of P.C.A. with reasonable periods of partial physical custody awarded to [Mother]. [**See P.C.A. v. H.C.M.**], 63 EDA 2018.[4]

On August 17, 2017, [Father] filed a Notice of Proposed Relocation, proposing to relocate from Upper Macungie Township, Lehigh County, Pennsylvania to Chesterbrook, Chester County, Pennsylvania, which is approximately fifty-five [miles] south of the parties' current location.   This notice was filed during the course of a string of ten lengthy hearing dates on [Mother]'s Petition for Modification, which was filed on April 4, 2017, as well as numerous other petitions related to that issue.

The [c]ourt advised the parties that its consideration of [Father]'s relocation petition would be conducted separately,

---

[2] In response to a Rule to Show Cause, Father, who additionally raises a January 8, 2018, denial of a request for a continuance in his Notice of Appeal, focuses his appeal on the January 5, 2018, order denying and dismissing his Notice of Proposed Relocation.  **See** Father's Brief at 2.

[3] While dated December 5, 2017, this order was entered December 6, 2017. **See** Pa.R.A.P. 108(b); **see also Frazier**, 557 Pa. at 618, 735 A.2d at 115.

[4] This appeal is addressed by separate Memorandum.

following the hearings regarding the modification petition.[5]  This was due to the anticipated length of time it would take to receive all of the evidence.  On October 31, 2017, after the close of evidence in the parties' custody modification trial, the [c]ourt conducted a pretrial conference to schedule a trial on [Father]'s relocation petition.  To accommodate scheduling concerns, the [c]ourt listed the matter for a two-day trial on January 3, 2018 and January 4, 2018.  On November 1, 2017, a formal scheduling order was filed attaching the parties "for custody trial on **January 3 and 4, 2018 at 9:00 a.m. in Courtroom 5A** of the Lehigh County Courthouse."[6] (Order, November 1, 2017, at 1 (emphasis in original).)

The [c]ourt entered its Custody Order on December 5, 2017 ruling on [Mother]'s Petition for Modification.  On December 21, 2017, [Father] filed a Motion to Subpoena Witnesses Over Defendant's Objection, seeking to subpoena two neighbors to appear at the parties' relocation trial.  On December 22, 2017, [Mother] filed a Motion to Serve Civil Subpoena and provided [Father] notice of her intent to appear on December 29, 2017 to present the motion in court.

[Father] filed a Notice of Appeal from the [c]ourt's Custody Order on December 28, 2017.  In a cover letter to the [c]ourt accompanying the Notice of Appeal, [Father] stated that based on the filing of the appeal, he believed any consideration by the [c]ourt of the motions or the relocation trial was stayed.  [Father] did not cite any law in support of this proposition.[7]

[Mother] appeared in court on December 29, 2017 per her notice of presentation.  [Father] did not appear, and did not file a continuance application.  [Father] also did not contact the [c]ourt's staff or Court Administration to determine whether the [c]ourt would be hearing [Mother]'s motion on December 29,

---

[5] Neither party objected to separate consideration of the relocation.  Notes of Testimony ("N.T."), 10/31/17, at 3-4.
[6] Upon review, this order was entered November 3, 2017.

[7] A copy of this letter, while included with the reproduced record, is not included with the certified record.

2017. Upon consideration of the parties' motions, and despite the fact that [Father] did not appear on December 29, 2017, the [c]ourt entered an order granting both parties' motions on January 2, 2018.[8] The [c]ourt's Order noted, "The parties remain attached for trial upon the Plaintiff's Notice of Intent to Relocate to be held on **January 3-4, 2018**." (Order, January 2, 2018, at 1 (emphasis in original).) The [c]ourt's staff mailed a copy of this order to both parties approximately twenty minutes after it was filed due to the narrow time constraint.

In an explanatory footnote in the January 2, 2018 Order, the [c]ourt addressed the issue of postponement of the trial. The [c]ourt explained that the relocation petition was distinguishable from the modification petition upon which the [c]ourt had previously ruled and which [Father] had appealed. The [c]ourt explained that the trial on [Father]'s relocation petition would not be postponed.

On January 3, 2018, [Mother] appeared at 9:00 a.m. The [c]ourt took up other brief matters that had been scheduled for that day. At 9:30 a.m., after [Father] failed to appear in support of his petition and after the [c]ourt allowed him an extra half hour to appear, [Mother] orally motioned for dismissal of [Father]'s Petition to Relocate. The [c]ourt granted that motion on the record and dismissed the Notice of Proposed Relocation with prejudice. Because this was the only matter on the docket for the rest of that day, court was adjourned at that time.[9]

Later in the day, the [c]ourt received "Plaintiff's Motion for Continuance of the Trial on Plaintiff's Relocation Request, Filed August 17, 2017." That motion was time[-]stamped by the prothonotary at 9:32 a.m. on January 3, 2018,[10] indicating [Father] was physically in the courthouse, but proceeded to the prothonotary's office to file his motion rather than reporting to the courtroom or checking in with [c]ourt staff. Because the matter was already dismissed by the time Appellant filed his motion, the [c]ourt entered an order dismissing it as moot on January 8, 2018.

---

[8] Upon review, this order was entered January 3, 2018.
[9] Upon review of the certified record, it does not appear that the Notes of Testimony of this proceeding were requested and transcribed.

[10] The copy of the motion in the certified record reflects a time-stamp of 9:31 a.m.

On January 3, 2018 at 3:34 p.m., [Father] returned to the courthouse and filed "Plaintiff's Motion to Quash the Order, filed January 2, 2018, Granting Defendant's Request to Serve a Civil Subpoena Upon Plaintiff's Employer." This motion was also dismissed as moot on January 4, 2018.

[Father] filed the instant Notice of Appeal on February 5, 2018, along with a Concise Statement of Matters Complained of on Appeal.[11]

. . .

Trial Court Opinion, 2/16/18,[12] at 2-5 (footnote omitted) (emphasis in original).

On appeal, Father raises the following issue for our review:

Did the lower court err by dismissing [Father]'s relocation petition when an appeal of a prior custody order from the same docket had been perfected?

Father's Brief at 3.

As this issue involves a pure question of law, our standard of review is *de novo*, and our scope of review is plenary. ***See Gilbert v. Synagro Cent., LLC***, 634 Pa. 651, 131 A.3d 1, 10 (2015); ***Harrell v. Pecynski***, 11 A.3d 1000, 1003 (Pa.Super. 2011); ***In re Wilson***, 879 A.2d 199, 214 (Pa.Super. 2005) (*en banc*) (citations omitted).

---

[11] Father filed the instant Notice of Appeal *pro se*. Counsel entered his appearance on behalf of Father on April 16, 2018. Mother is not represented on appeal. We note that Mother submitted a letter dated May 3, 2018, and filed May 9, 2018, indicating her lack of intent to file a reply brief. Letter, 5/9/18.

[12] While dated February 15, 2018, the trial court's order and opinion was mailed and docketed February 16, 2018.

We first consider whether the January 5, 2018, Order was properly appealable as a final order.

> "'[S]ince we lack jurisdiction over an unappealable order it is incumbent on us to determine, *sua sponte* when necessary, whether the appeal is taken from an appealable order.'" ***Gunn v. Automobile Ins. Co. of Hartford, Connecticut***, 971 A.2d 505, 508 (Pa.Super. 2009) (quoting ***Kulp v. Hrivnak***, 765 A.2d 796, 798 (Pa.Super. 2000)). It is well-settled that, "[a]n appeal lies only from a final order, unless permitted by rule or statute." ***Stewart v. Foxworth***, 65 A.3d 468, 471 (Pa.Super. 2013). Generally, a final order is one that disposes of all claims and all parties. ***See*** Pa.R.A.P. 341(b).

***K.W. v. S.L. & M.L. v. G.G.***, 157 A.3d 498, 501-02 (Pa.Super. 2017).

Instantly, the order in question is a final order. ***See G.B. v. M.M.B., T.B. & A.B.***, 670 A.2d 714 (Pa.Super. 1996) (a custody order is final and appealable after the trial court has concluded its hearings on the matter and the resultant order resolves the pending custody claims between the parties). Said order denied and dismissed with prejudice Father's Notice of Proposed Relocation filed on August 17, 2017, thereby resulting in final resolution.

When considering the merits of Father's appeal, we are mindful that Pennsylvania Rule of Appellate Procedure 1701 provides:

Rule 1701. Effect of Appeal Generally.

**(a) General rule**. Except as otherwise prescribed by these rules, after an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may no longer proceed further in the matter.

**(b) Authority of a trial court or agency after appeal**. After an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may:

(1)  Take such action as may be necessary to preserve the status quo, correct formal errors in papers relating to the matter, cause the record to be transcribed, approved, filed and transmitted, grant leave to appeal in forma pauperis, grant supersedeas, and take other action permitted or required by these rules or otherwise ancillary to the appeal or petition for review proceeding.

(2)  Enforce any order entered in the matter, unless the effect of the order has been superseded as prescribed in this chapter.

(3)  Grant reconsideration of the order which is the subject of the appeal or petition, if:

> (i)   an application for reconsideration of the order is filed in the trial court or other government unit within the time provided or prescribed by law; and

> (ii)   an order expressly granting reconsideration of such prior order is filed in the trial court or other government unit within the time prescribed by these rules for the filing of a notice of appeal or petition for review of a quasijudicial order with respect to such order, or within any shorter time provided or prescribed by law for the granting of reconsideration.

A timely order granting reconsideration under this paragraph shall render inoperative any such notice of appeal or petition for review of a quasijudicial order theretofore or thereafter filed or docketed with respect to the prior order.  The petitioning party shall and any party may file a praecipe with the prothonotary of any court in which such an inoperative notice or petition is filed or docketed and the prothonotary shall note on the docket that such notice or petition has been stricken under this rule.  Where a timely order of reconsideration is entered under this paragraph, the time for filing a notice of appeal or petition for review begins to run anew after the entry of the decision on reconsideration, whether or not that decision amounts to a reaffirmation of the prior determination of the trial court or other government unit.  No additional fees shall be required for the filing of the new notice of appeal or petition for review.

(4) Authorize the taking of depositions or the preservation of testimony where required in the interest of justice.

(5)  Take any action directed or authorized on application by the appellate court.

(6)  Proceed further in any matter in which a non-appealable interlocutory order has been entered, notwithstanding the filing of a notice of appeal or a petition for review of the order.

**(c)  Limited to matters in dispute**.  Where only a particular item, claim or assessment adjudged in the matter is involved in an appeal, or in a petition for review proceeding relating to a quasijudicial order, the appeal or petition for review proceeding shall operate to prevent the trial court or other government unit from proceeding further with only such item, claim or assessment, unless otherwise ordered by the trial court or other government unit or by the appellate court or a judge thereof as necessary to preserve the rights of the appellant.

**(d)  Certain petitions for review**.  The filing of a petition for review (except a petition relating to a quasijudicial order) shall not affect the power or authority of the government unit to proceed further in the matter but the government unit shall be subject to any orders entered by the appellate court or a judge thereof pursuant to this chapter.

In addressing Rule 1701 in the context of an appeal of a claim for fees and a divorce action, our Supreme Court stated the following:

It is nowhere contended that the trial court's resolution of the merits of the divorce action in any way impinged upon the merits of the claim then pending before the appellate court.  Thus the bar imposed under Rule 1701(a) was not applicable, and there was no basis for the finding that the trial court's jurisdiction had been divested at the time that the decree in divorce was made final.  In its decision the Superior Court virtually ignored Rule 1701(c).  In a passing reference it appears to suggest that the only purpose of 1701(c) is to permit the appellate court to grant permission for the trial court upon petition to proceed during the pendency of an appeal.  353 Pa.Super. at 425, 510 A.2d at 734.  Such a suggestion is a patent distortion of the clear language of that section.  The purpose of Rule 1701(c) is to prevent appeals of collateral issues from delaying the resolution of the basic issues where the proceeding below can continue without prejudicing the

rights of the party seeking the interim review. The party seeking review in *Rosen I* was Mr. Rosen. He at no time objected to the trial court's proceeding to dispose of the merits of the case during the time that appeal was pending in the Superior Court. Moreover, the entire record that is now before us establishes that the claim raised in *Rosen I* was ancillary to the matters that remained in the trial court for resolution. We therefore hold that Rule 1701(c) was applicable and that the appeal in *Rosen I* did not result in a divestiture of the trial court's jurisdiction in disposing of the remaining matters before that court.

***Rosen v. Rosen***, 520 Pa. 19, 24-25, 549 A.2d 561, 564 (1988).

In supporting its decision to proceed with the relocation matter despite the pending appeal from the custody order, the trial court suggested that the relocation was collateral to and possibly had no impact upon the custody proceeding. The court reasoned as follows:

> The relocation petition sought to allow [Father] and the parties' minor child to move to a new residence that is roughly fifty-five miles away from where the parties currently reside. [Father] was awarded primary physical custody of the minor child in the [c]ourt's December 5, 2017 Order, with [Mother] having certain periods of overnight custodial time and alternating weekends. Had [Father] litigated his relocation petition and had the petition been granted, such an order would not automatically result in changing the custody order. Accordingly, under the circumstances of this case, relocation was an issue that could be resolved while preserving the legal status quo of the appeal [Father] took from the December 5, 2017 Order.

> Conclusion

> Because the [c]ourt is only prohibited from proceeding on "only such item, claim, or assessment" in the Order that was the subject of [Father]'s prior appeal, the [c]ourt's finding that the earlier appeal does not stay consideration of the collateral reconsideration [sic] matter was proper. [Father] is not entitled to any relief on appeal, and the [c]ourt's order entered on January 4, 2018 granting [Mother]'s oral motion to dismiss [Father]'s Notice of Proposed Relocation should be **AFFIRMED**.

T.C.O., 1/5/18, at 9-10.

Father, however, highlights that the underlying custody matter and relocation are filed under same docket. Father's Brief at 5. Further, he indicates in his cover letter forwarding his Notice of Appeal of the December 6, 2017, custody order to the trial court that "[a]ll matters under this docket are stayed until the matter on appeal is final. . . ." *Id.* at 5-6. Significantly, Father argues that the petition for modification and relocation petition both require an assessment of the best interests of the child and that the factors considered for each are "virtually identical." *Id.* at 7. Lastly, Father distinguishes the instant matter from *Rosen v. Rosen*, 520 Pa. 19, 549 A.2d 561 (1988), where our Supreme Court found the issue of legal fees unrelated and ancillary to a divorce decree. *Id.* at 8. In conclusion, Father states his "custody appeal and relocation petition are inextricably intertwined and involve the same issue- the best interests of the child. It was error for the lower court dismiss the relocation petition while the custody appeal was pending. The relocation matter should have been stayed. . . ." *Id.* at 8.

In the case *sub judice*, while it may have been possible to grant Father's relocation and maintain the custody order, we agree that the custody and relocation petitions are sufficiently interrelated that the relocation is not ancillary to the custody matter. A notice of proposed relocation, by its very nature, may impact the custody proceedings and the custody order between

the parties.[13]  Unlike the claims in *Rosen*, such claims are not distinct and distinguishable.  They rely on the same factual basis.

_____

[13] *See* 23 Pa.C.S.A. § 5337, which provides:

> § 5337. Relocation
>
> . . .
>
> **(e) Confirmation of relocation.--**If no objection to the proposed relocation is filed under subsection (d), the party proposing the relocation shall file the following with the court prior to the relocation:
>
> > (1)  an affidavit stating that the party provided notice to every individual entitled to notice, the time to file an objection to the proposed relocation has passed and no individual entitled to receive notice has filed an objection to the proposed relocation;
> >
> > (2)  Proof that proper notice was given in the form of a return receipt with the signature of the addressee and the full notice that was sent to the addressee.
> >
> > (3)  a petition to confirm the relocation and modify any existing custody order; and
> >
> > (4)  a proposed order containing the information set forth in subsection (c)(3).
>
> **(f) Modification of custody order.--**If a counter-affidavit regarding relocation is filed with the court which indicates the nonrelocating party both has no objection to the proposed relocation and no objection to the modification of the custody order consistent with the proposal for revised custody schedule, the court may modify the existing custody order by approving the proposal for revised custody schedule submitted under subsection (c)(3)(viii), and shall specify the method by which its future

Nonetheless, the court determined, and the parties agreed, that Father's

relocation would be heard separately from the pending custody claims

---

modification can be made if desired by either party. If a counter-affidavit regarding relocation is filed with the court which indicates the nonrelocating party objects either to the proposed relocation or to the modification of the custody order consistent with the proposal for revised custody schedule, the court shall modify the existing custody order only after holding a hearing to establish the terms and conditions of the order pursuant to the relocation indicating the rights, if any, of the nonrelocating parties.

**(g) Hearing.—**

    (1)    Except as set forth in paragraph (3), the court shall hold an expedited full hearing on the proposed relocation after a timely objection has been filed and before the relocation occurs.

    (2)    Except as set forth in paragraph (3), the court may, on its own motion, hold an expedited full hearing on the proposed relocation before the relocation occurs.

    (3)    Notwithstanding paragraphs (1) and (2), if the court finds that exigent circumstances exist, the court may approve the relocation pending an expedited full hearing.

    (4)    If the court approves the proposed relocation, it shall:

        (i)      modify any existing custody order; or

        (ii) establish the terms and conditions of a custody order.

. . .

resulting thereafter in the order entered December 6, 2017. In fact, at pre-trial conference on October 31, 2017, Father stated, "My concern is that a trial on relocation would be premature until Your Honor entered a custody order and made a decision." N.T., 10/31/17, at 3. Mother continued, "I had the same concern. It would be a biased trial with a prejudicial outcome. You can't defend against custody time a person doesn't have." *Id.* at 3-4. Subsequent to the conference, a scheduling order dated November 1, 2017, and entered November 3, 2017, attached the parties for trial on January 3 and 4, 2018 at 9:00 a.m. The order noted, "**Failure to appear may result in sanctions, including dismissal of the action and entry of a final order by the [c]ourt**." Scheduling Order, 11/3/17 (emphasis added).

Despite any assumption by Father in forwarding his Notice of Appeal that the relocation would be stayed, the record does not reveal that Father took any steps to confirm this, made any timely request for a continuance, or engaged in any other affirmative action. Rather, Father failed to appear for pre-trial motions on December 29, 2017, and for trial on January 3, 2018.[14] Further, given his filing of a motion for a continuance at 9:31 a.m. on January 3, 2018, it appears that Father received the court's ruling on the pre-trial motions dated January 2, 2018, the day before trial, and entered on January 3, 2018, which indicated that the parties remained attached for trial on January 3-4, 2018. However, Father failed to appear at 9:00 a.m. for trial,

_____

[14] At the very least, Father failed to appear in a timely manner.

and prior to his filing at 9:31 a.m. on January 3, 2018, he failed to take any action with regard to a continuance.

For the foregoing reasons, we affirm the order of the trial court.

Order affirmed.

Judge McLaughlin joins the memorandum.

Judge Olson files a concurring statement in which Judge McLaughlin joins.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/5/18